Dear Representative Salter:
This office is in receipt of your request for an opinion of the Attorney General in regard to the authority of local governing authorities or political subdivisions to regulate zoning requirements.
You indicate the Sabine Parish Police Jury was given authority to regulate zoning by Act 573 of the 1968 Regular Session of the Legislature. Since this Act was prior to the adoption of the 1974 Constitution, you feel one would assume that any provisions in Act 573 that are in conflict with the Constitution would no longer be in effect, but Atty. Gen. Op. 92-680 opined that the Act is not in direct conflict with La. Const. Art. 6, Sec 17 since the legislature had at that time neither expressly repealed nor passed legislation contradictory to Act 573. That opinion further stated that until such time as the legislature enacts a uniform procedure for adopting and modifying parish zoning regulations, Act 573 of 1968 remains effective.
Since in 1993 the Legislature enacted R.S. 33:4780.40 et seq to provide general authority for parishes to regulate zoning but specifically exclude the parishes of Sabine, Rapides, Jefferson and Webster, you ask whether Act 573 is still in effect in light of this enactment which specifically excludes Sabine Parish, or does R.S. 33:4780.40 et seq provide for "uniform procedures" for adopting and modifying zoning regulations as envisioned by Act. VI, Sec. 17.
Thus, you ask, "In other words, what is the intent of Art. VI, Sec. 17 in regards to uniform procedures."
Art. VI, Sec. 17 provides as follows:
 Subject to uniform procedures established by law, a local subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and district to implement those regulations; (3) review decisions to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for histories preservation commission is retained.
The provisions of R.S. 33:4780.40 are as follows:
 For the purpose of promoting health, safety, morals, or general welfare of the community, the governing authorities of parishes, other than the parishes of Rapides, Jefferson, Sabine, and Webster, or their duly created boards of adjustments are hereby authorized to regulate and restrict the heights, number of stories,, and size of structures; the percent of lots that may be occupied, courts and other open spaces; the density of population; and the location and use of buildings, structures and land for trade, industry, residence, or other purposes. However, the zoning ordinances enacted by said governing authority, and the acts of its zoning commission, board of adjustment, or zoning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of police powers, excessive use of power herein granted, or denial of due process. However, the right of judicial review of a zoning ordinance shall not be limited by the provisions of this Section.
We would follow the reasoning of this office in Atty. Gen. Op. 97-95 wherein it was noted that R.S. 33:4721 et seq. concerns regulations for municipalities while R.S. 33:4780.40 et seq. provides for zoning regulations for parishes, but further found as follows:
 While those statutes authorize regulations powers, the intent of those provisions, presented in LSA-R.S. 33:4780.50 clearly states their permissive, non-mandatory nature:
The provisions of this Subpart are designed and intended to supplement existing law; accordingly, nothing in this Subpart shall be construed to limit, supersede, or repeal any grant of zoning authority heretofore granted to any parish, or parish governing authority either by statute or home rule charter.
 In addition, the provisions of this Subpart shall not affect municipalities unless the municipal governing authority adopts by ordinance the parish zoning regulations.
In accordance with Article VI, Section 6 of the Constitution of Louisiana, the provisions of this Subpart shall not apply to, nor otherwise be construed to change or affect the structure and organization or the particular distribution and redistribution of the powers and functions of any parish, parish governing authority, zoning commission, board of adjustments, or other board or commission of any parish which operated under a home rule charter, including but not limited to the term of office of any members, or their duties and responsibilities."
We would conclude in response to your request that Act 573 is still in effect despite the fact that Sabine Parish is excluded from the statutory provisions quoted hereinabove, and in light of the finding that R.S. 33:4780.50 is permissive, and explicitly declares it is "intended to supplement existing law" and "shall not be construed to . . . supersede, or repeal any grant of zoning authority heretofore granted to any parish . . . ."
Accordingly, we conclude R.S. 33:4780. 40 et seq. does not nullify acts prior to 1974, thereby including Act 573 of 1968.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr